**Bruce H. SINGMAN, Plaintiff–Appellant,**

v.

**NBA PROPERTIES, INC., Erroneously Sued As National Basketball Association Properties, Inc., Defendant–Appellee.**

No. 14-55156

United States Court of Appeals, Ninth Circuit.

Submitted July 26, 2016 *

Filed August 04, 2016

Bruce H. Singman, Pro Se

Steven M. Perry, Attorney, Glenn D. Pomerantz, Attorney, Munger, Tolles & Olson LLP, Los Angeles, CA, for Defendant–Appellee

Before: SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

MEMORANDUM **

Bruce H. Singman, an attorney, appeals pro se from the district court's judgment dismissing his diversity action alleging state law claims arising from attempts to negotiate an agreement. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Singman's intentional interference with prospective economic advantage claim because Singman failed to allege facts sufficient to state a plausible claim, including "that the defendant's conduct was wrongful by some legal measure other than the fact of interference itself." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 131 Cal.Rptr.2d 29, 63 P.3d 937, 950 (2003) (citation and internal quotation marks omitted) (elements of a intentional interference with prospective economic advantage claim in California); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citations and internal quotation marks omitted)).

AFFIRMED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.